UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIGIOTTA'S FARMLAND PRODUCE AND                    05-CV-0273E(Sr)
  GARDEN CENTER, INC.,
                    Plaintiff,

        -vs-

PRZYKUTA, INC. d/b/a Frontier Produce,
RALPH PAGLIA,
MARY PAGLIA,                                        ORDER
GREAT AMERICAN FOOD SERVICE, INC.,
BEN PAGLIA and
DOUGLAS WARD,
                    Defendants.
_____

        WHEREAS Brigiotta's Farmland Produce and Garden Centre, Inc. ("Brigiotta's") filed this action on April 20, 2005 under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §499a *et seq.*; and

        WHEREAS Brigiotta's also filed a Motion for a Temporary Restraining Order ("TRO") prohibiting Defendants from transferring any business or personal assets and seeking various other forms of relief; and

        WHEREAS Brigiotta's alleges that it sold $114,328.75 worth or produce to defendant Frontier Produce ("Frontier") at various times between November of 2004 and February of 2005; and

WHEREAS Brigiotta's alleges that, on March 15, 2005, Frontier transferred its assets to defendant Great American Food Service, Inc. ("Great American"), an entity owned by the son of Frontier's owners, for $100,000;[1] and

WHEREAS Plaintiff addressed this Court via telephone on April 22 concerning its request for a TRO and its motion for an expedited hearing was granted and is now moot; and

WHEREAS Brigiotta's submitted a certification by its General Manager, Thomas N. Galbato; and

WHEREAS Galbato does not appear to have personal knowledge of (1) Defendants' risk of insolvency, (2) the purported asset transfer by Frontier to Great American or (3) that Frontier is using PACA trust assets to pay non-PACA creditors; and

WHEREAS Brigiotta's has submitted no other affidavits in support of its request for a TRO and its Complaint was not verified; and

WHEREAS Brigiotta's *suggested* — but failed to provide any evidentiary support — for its assertion that it will suffer immediate and irreparable injury, merely noting in its brief that "the harm at issue here is immediate *if* Plaintiff's business begins to falter as a result of the inability to meet its obligations to its vendors and customers" (Pl.'s Mem., at 16.) (emphasis added);[2] and

---

[1] Brigiotta's also alleges that Frontier and Great American have the same business address: 646 Bailey Ave., Buffalo, N.Y.

[2] Furthermore, Brigiotta's showing of immediate and irreparable injury is also undermined by its insufficient assertion that PACA trust assets "will *likely* be used by the Defendants to satisfy other debts, or will be otherwise dissipated." Pl.'s Mem., at 17 (emphasis added).

WHEREAS a TRO requires more than an "if" scenario, Brigiotta's must set forth "specific facts" upon which it "clearly appears" that "immediate and irreparable injury will result";[3] and

WHEREAS Brigiotta's has failed to establish that it "clearly appears from specific facts"[4] that, *inter alia*, Brigiotta's will suffer immediate and irreparable injury as required by Rule 65(b) of the Federal Rules of Civil Procedure; and

WHEREAS Brigiotta's has failed to demonstrate that it would be permissible for this Court to issue a TRO, let alone the extremely broad TRO proposed by Brigiotta's; and

WHEREAS Brigiotta's TRO Motion will also be denied because Brigiotta's completely failed to address Second Circuit law — despite the existence of such —, suggesting to this Court that Brigiotta's did not think that the governing law was helpful;[5] and

WHEREAS Brigiotta's alleges that PACA trust assets are being dissipated (Galbato Certification ¶¶20-22.), but the Second Circuit Court of Appeals has recognized that, if a PACA trust beneficiary fears dissipation of PACA trust assets, it may ask the Secretary of Agriculture

---

[3] FRCvP 65(b).

[4] Rule 65(b) of the Federal Rules of Civil Procedure.

[5] Although this Court finds it helpful when parties discuss persuasive authorities from other jurisdictions, governing case law should be addressed where it exists.  For example, Brigiotta's failed to even discuss governing case law when addressing the standard for granting a TRO.  *See, e.g., JSG Trading Group* v. *Tray-Wrap, Inc.*, 917 F.2d 75, 78 (2d Cir. 1990) (holding that the "normal standards" for injunctive relief are applicable in PACA actions).  Moreover, the *JSG Trading Group* Court denied injunctive relief because it found that monetary damages were an adequate remedy in a PACA action.  *Id.* at 80.

"to initiate a proceeding enjoining such dissipation" (*JSG Trading Group*, *supra* note 5, at 78.);[6] and

WHEREAS the proposed order submitted by Plaintiff was so broad that it would have brought Defendants' businesses to a grinding halt because it would have prohibited them from paying employees, utility bills or a number of other routine business expenses;[7] it is accordingly

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is denied, that Plaintiff's Motion for an Expedited Hearing was granted *sub silentio* and is now mooted and that Plaintiffs may renew their request for a TRO in the event that they address the deficiencies noted above.

DATED:     Buffalo, N.Y.

          April 25, 2005

 

                                                              */s/ John T. Elfvin*
                                                               JOHN T. ELFVIN
                                                                S.U.S.D.J.

---

[6]Nonetheless, assuming a sufficient factual showing, Brigiotta's may be able to obtain injunctive relief based on the Defendants' alleged secreting of PACA trust assets. *See, e.g., United States Fid. & Guar. Co.* v. *J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 923 (E.D.N.Y. 1999) (citing cases).

[7]*ZAS Int'l Agriculture, B.V.* v. *ZAS USA, Inc.*, 1998 WL 469958, at *2-3 (E.D. Pa. 1998) (denying *ex parte* TRO of a similar scope (but excluding personal assets) because plaintiff failed to make a specific showing of the dissipation of trust assets and because such a TRO would "effectively clos[e] defendants' businesses and actually endanger[] existing trust assets"). Moreover, to the extent that Plaintiff also sought to prohibit Defendants from transferring any personal assets, they would have been prohibited from, for example, buying groceries.