UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIGIOTTA'S FARMLAND PRODUCE
AND GARDEN CENTER, INC.,

                Plaintiff,

     v.

PRZYKUTA, INC. d/b/a FRONTIER PRODUCE,
*et al.*

                Defendants.
_____

**ORDER**

05-CV-273S

      This case is scheduled for a settlement conference on **September 2, 2005,** at **10:00 a.m.** at **501 United States Courthouse**, 68 Court Street, Buffalo, New York before the Hon. Victor E. Bianchini, United States Magistrate Judge.

      ***Trial counsel, all parties, and persons with full authority to settle the case are hereby ORDERED to personally attend the settlement conference, unless excused by the court for good cause.*** If any of the above referenced participants are not personally present at the settlement conference, and have not been excused for good cause, that participant may be subject to appropriate sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. The requirement of personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement.

      Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers *before* the conference and made a serious

1

effort to settle the case on their own. Accordingly, before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made. If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiations at the conference.

SETTLEMENT STATEMENTS/BRIEFS

**In addition to discussing settlement among themselves and exchanging demands and offers before the conference, TWO (2) copies of written statements of the position of each party shall be lodged with the Hon. Victor E. Bianchini, 501 United States Court House, 68 Court Street, Buffalo, New York 14202, and served on all other parties, *SEVEN (7) <u>business</u> days prior to the settlement conference,* unless otherwise ordered.** If service is by mail, all papers must be mailed not less than ten business days before the court date. <u>Settlement conference statements should **not** be filed with the Clerk of the Court</u>. The statements shall not become a part of the file and will be discarded. Confidential matters may be brought to the attention of the settlement judge during the settlement conference either orally or in writing.

Statements shall not exceed five (5) pages, not including attachments, and shall include the necessary information to concisely support issues of liability and damages, including a settlement demand and offer, as well as an itemization of special and general damages, if applicable.

2

More specifically, the settlement statement/brief should include the following:

1. A brief statement outlining the names of the parties and their counsel;

2. A discussion of the factual and legal issues of the case, including a discussion of any reports and recommendations, or decisions and orders that have been issued in the case;

3. A discussion of plaintiff's, or any other party's, available remedies/damages (*e.g.*, in an employment discrimination case the amount of back pay, subsequent earnings, mitigation, reinstatement or front pay, compensatory damages, if any, etc.; in a personal injury case, a description of plaintiff's injuries, medical records, IMEs, wage loss, if any, and mitigation, etc.);

4. The status of the litigation, including discovery, pending motions and trial date, if any;

5. The status of settlement discussions, including the latest demand and offer that has been exchanged in accordance with this Order; and

6. Any other issue that the party believes is relevant and would facilitate settlement.

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the Magistrate Judge in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge. Magistrate Judge Bianchini will not serve as the trial judge in this case.

The parties are directed to review Rule 16(f) of the Federal Rules of Civil Procedure, which provides for appropriate sanctions, in the event a party or its attorney fails to obey a scheduling or pre-trial order of the Court, or fails to appear at a pre-trial conference, or is unprepared to participate in the conference, or fails to participate in the

conference in good faith.

    **IT IS SO ORDERED.**

                                                             **/s/William M. Skretny**
                                                              William M. Skretny
                                          United States District Judge

Dated:      Buffalo, New York
              August 5, 2005

*VICTOR E. BIANCHINI*
UNITED STATES MAGISTRATE JUDGE

GUIDELINES FOR SETTLEMENT CONFERENCE PREPARATION

Experience shows that in negotiations, the party who is best prepared usually obtains the best result.  Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A. FORMAT

A. Parties with ultimate settlement authority must be present *in person*.  Unless excused by the court, in which case they may be available by telephone.  However, a letter explaining the factual circumstances of your case and explaining why the representative is unable to appear in person must be sent to Judge Bianchini for his consideration prior to the conference.

A. The court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

B. ISSUES

1. What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue?  What is your most persuasive argument?

2. What remedies are available resulting from this litigation or otherwise?

3. Is there any ancillary litigation pending/planned which affects case value?

4. Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

5. Do attorney's fees or other expenses affect settlement?  Have you communicated this to the other side?

B. AUTHORITY

1. Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately.

B. NEGOTIATIONS

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

CLOSING

If settlement is reached, do you want it on the record?

Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

How soon could checks/closing documents be received?

If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?